[No. C042683. Third Dist. July 18, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
EVELYN MARGARET ATWOOD, Defendant and Appellant.

**COUNSEL**

William Davies, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Stan Cross and Daniel Bernstein, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—Defendant Evelyn Margaret Atwood was a passenger in a car stopped by an El Dorado County Sheriff's deputy. She consented to the search of her purse, and the deputy found a bindle containing approximately one-half gram of heroin.

Defendant pled no contest to transporting heroin (Health & Saf. Code, § 11352, subd. (a)) and was sentenced to three years' probation on the conditions that she participate in counseling for drug treatment under Proposition 36, the statutory initiative which mandates probation without incarceration for specified drug offenses, and that she follow all orders of the probation department. (Pen. Code, §§ 1210, 1210.1.)[1]

Two months later, defendant was charged with violating probation after she was discharged from her treatment program and failed to keep a scheduled appointment with her probation officer. Thereafter, defendant admitted violating probation. The court revoked probation, sentenced her to four years in prison, and ordered her to pay fees and penalty assessments, all without making a finding that defendant posed a danger to others.

On appeal, defendant argues the court erred in revoking probation because both probation violations were drug related and the trial court failed to find she posed a danger to the safety of others, as required under section 1210.1, subdivision (e)(3). She also requests modification of the abstract of judgment to separately list amounts of the statutory fees and statutory penalty assessments imposed by the court.

We shall conclude that, under the terms of Proposition 36, the trial court could revoke probation and send defendant to prison, without making additional findings, only if at least one of the conditions violated was not a drug-related condition. Our review of the record discloses that defendant's violation of one condition (participate in drug treatment counseling) was clearly drug related, but it cannot be ascertained on the record presented whether her violation of the other condition (requiring defendant to follow orders of her probation officer) was drug related. Since we shall conclude that

---

[1] Undesignated statutory references are to the Penal Code.

the People had the burden of persuasion to show that at least one violation was not drug related, we shall reverse the judgment and remand to the trial court for a reopened probation revocation hearing at which the circumstances of defendant's violation of her obligation to report to her probation officer may be litigated. This disposition makes it unnecessary for us to decide whether the abstract of judgment should be modified.

## BACKGROUND

The court initially granted defendant probation subject to a number of conditions. Among the general conditions, defendant was required to "[f]ollow all orders of [the] probation department." Under the special conditions, defendant was required to "[p]articipate in counseling for DRUG TREAT-MENT [section 1210.1]."

Defendant began a drug treatment program at The Effort but failed to attend four outpatient group sessions and tested positive for methamphetamine and marijuana in her urine. Consequently, she was discharged from the drug treatment program.

Defendant also failed to keep an appointment with her probation officer. When defendant did not appear, the probation officer telephoned her residence. Defendant's father told the probation officer he was supposed to give her a ride, but she left the house without him. The record does not reveal the purpose of defendant's scheduled meeting with the probation officer.

A petition was filed accusing defendant of violating her probation in two ways: (1) "The defendant was discharged from treatment on February 4, 2002, for failure to attend outpatient counseling and failing to enter Detox-Residential Treatment at The Effort on January 29, 2002, as directed by the [p]robation officer"; and (2) "On January 31, 2002, the defendant failed to keep a scheduled appointment with the [p]robation [o]fficer."

Defendant admitted the allegations on May 20, 2002, but then absconded. She was apprehended months later.

At the sentencing hearing on November 14, 2002, the court found that defendant was ineligible for further treatment under Proposition 36 and denied probation. The trial court made no finding that defendant poses a danger to others. It sentenced her to the middle term of four years for violating Health and Safety Code section 11352, subdivision (a) and imposed fees and penalty assessments.

## DISCUSSION

"Anticipating that drug abusers often initially falter in their recovery, Proposition 36 gives offenders several chances at probation before permitting a court to impose jail time. The first time an offender violates a *drug-related* condition of probation, he is entitled to be returned to probation unless he poses a danger to others. (§ 1210.1, subd. (e)(3)(D).)[2] The second time he violates a drug-related condition of probation, he is entitled to be returned to probation unless he poses a danger to others or is unamenable to treatment. (§ 1210.1, subd. (e)(3)(E).)[3] Only upon a third violation of a drug-related condition of probation does an offender lose the benefit of Proposition 36's directive for treatment instead of incarceration. (§ 1210.1, subd. (e)(3)(F).)[4] Upon such a violation, the court regains its discretion to impose jail or prison time. [Citation.] Proposition 36 does not, however, extend the same grace to probationers who violate *non-drug-related* conditions of probation. The first time a probationer violates such a condition, the court has discretion to

---

[2] " 'If a defendant on probation at the effective date of this act for a nonviolent drug possession offense violates that probation either by being arrested for a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to those listed in paragraph (1) of subdivision (d) of Section 1210, or by violating a drug-related condition of probation, and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence that the defendant poses a danger to the safety of others. If the court does not revoke probation, it may modify probation and impose as an additional condition participation in a drug treatment program.' (§ 1210.1, subd. (e)(3)(D).)"

[3] " 'If a defendant on probation at the effective date of this act for a nonviolent drug possession offense violates that probation a second time either by being arrested for a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to those listed in paragraph (1) of subdivision (d) of Section 1210, or by violating a drug-related condition of probation, and the state moves for a second time to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence either that the defendant poses a danger to the safety of others or that the defendant is unamenable to drug treatment. If the court does not revoke probation, it may modify probation and impose as an additional condition participation in a drug treatment program.' (§ 1210.1, subd. (e)(3)(E).)"

[4] " 'If a defendant on probation at the effective date of this act for a nonviolent drug offense violates that probation a third time either by being arrested for a nonviolent drug possession offense, or by violating a drug-related condition of probation, and the state moves for a third time to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. If the alleged probation violation is proved, the defendant is not eligible for continued probation under subdivision (a).' (§ 1210.1, subd. (e)(3)(F).)"

incarcerate the person. (§ 1210.1, subd. (e)(2).)[5]" (*In re Taylor* (2003) 105 Cal.App.4th 1394, 1397–1398 [130 Cal.Rptr.2d 554], (*Taylor*), review den. May 21, 2003.)

■ In this case, the instant probation violations were defendant's first violation of probation. The trial court made no finding that defendant posed a danger to others. Consequently, defendant could be incarcerated only if she violated a non-drug-related condition of probation. (*People v. Davis* (2003) 104 Cal.App.4th 1443, 1447–1448 [129 Cal.Rptr.2d 48].)

The People argue, "In the instant case, even assuming that appellant's discharge from a drug treatment program was a drug-related probation violation, the trial court still had authority to summarily revoke appellant's probation—without regard to the three-tiered scheme of subdivision (e)(3)—because her failure to keep an appointment with the probation officer was not drug related within the meaning of subdivision (e)(2)." For reasons that follow, we are not persuaded by the People's argument.

Section 1210.1, subdivision (f) provides, "The term 'drug-related condition of probation' shall include a probationer's specific drug treatment regimen, employment, vocational training, educational programs, psychological counseling, and family counseling."

The first condition of probation violated—participation in counseling for drug treatment—was clearly drug related. This leaves the condition, "[f]ollow all orders of [the] probation department."

In *Taylor, supra,* 105 Cal.App.4th 1394, the defendant was charged with a probation violation for failing to report to probation for a drug test. (*Id.* at p. 1396.) The defendant admitted the violation in that he failed to appear "for testing." (*Id.* at p. 1399.) The trial court concluded the violation of probation did not involve a drug related condition and sent him to jail.

Issuing a writ of habeas corpus directing the defendant's release from custody, the *Taylor* court reasoned: "Proposition 36 broadly defines drug-related conditions of probation. One such condition includes a 'drug treatment regimen.' (§ 1210.1, subd. (f).) It involves no linguistic or logical stretch to deem a probationer's obligation to take drug tests a part of his

---

[5] " 'Non-drug-related probation violations[:] [¶] If a defendant receives probation under subdivision (a), and violates that probation either by being arrested for an offense that is not a nonviolent drug possession offense, or by violating a non-drug-related condition of probation, and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The court may modify or revoke probation if the alleged violation is proved.' (§ 1210.1, subd. (e)(2).)"

treatment regimen, because tests permit authorities to monitor a probationer's compliance with the program by ensuring he is abstaining from illegal drugs. (Accord, § 1210.5 [equates 'drug testing' with 'treatment'].) Because one cannot be tested unless one shows up for the test, it follows that a drug treatment regimen includes appearing for tests. Appearing (or failing to appear) for a drug test thus satisfies the definition of a drug-related condition of probation. (See § 1210.1, subd. (f).)" (*Taylor, supra,* 105 Cal.App.4th 1394, 1398.)

The People argue that *Taylor* is distinguishable, because, in the instant case, "There is nothing in the record to indicate that the appointment [missed by defendant] was intended to focus directly on appellant's substance abuse and its prevention and treatment." Conceding that the record does not disclose the purpose of the appointment, the People assert, "appellant has the burden of proving that her probation violation was drug-related." We do not agree. ▮ Rather, for reasons that follow, we conclude the burden of producing evidence and the burden of persuasion were on the People to show that the appointment missed by defendant was not a part of a "specific drug treatment regimen" (such as testing), as defined by section 1210.1, subdivision (f).

This is so for two reasons.

First, the burdens are assigned in this manner by the Evidence Code.

" 'As provided by Evidence Code section 500: "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." Once this initial burden is met, the opposing party will be charged with producing its own evidence as to the matters established. "(a) The burden of producing evidence as to a particular fact is on the party against whom a finding on that fact would be required in the absence of further evidence. [¶] (b) The burden of producing evidence as to a particular fact is initially on the party with the burden of proof as to that fact." (Evid. Code, § 550.) " 'Burden of producing evidence' means the obligation of a party to introduce evidence sufficient to avoid a ruling against him on the issue." (Evid. Code, § 110.)' " (*People v. Barasa* (2002) 103 Cal.App.4th 287, 296 [126 Cal.Rptr.2d 628].)

Here, the People want to send defendant to prison. In order to satisfy the statutory criteria, they have to show that at least one condition of probation violated was not "drug related." That fact is "essential to the claim for relief ... that [the People are] asserting." (Evid. Code, § 500.) According to the Evidence Code, the burden was properly upon the People to show that

defendant's obligation to report to her probation officer was not drug related, that it was not, for example, for drug testing.

A second reason for assigning the burden of producing evidence to the People is that " 'Where the evidence necessary to establish a fact essential to a claim lies peculiarly within the knowledge and competence of one of the parties, that party has the burden of going forward with the evidence on the issue ....' " (*Sanchez v. Unemployment Ins. Appeals Bd.* (1977) 20 Cal.3d 55, 71 [141 Cal.Rptr. 146, 569 P.2d 740].)

Here, the probation department (and therefore the People) are peculiarly able to state the reason for the condition requiring defendant to follow an order of a probation officer, in this instance to report (and particularly the appointment she missed). It is easy to imagine scenarios where a defendant would have no idea why an appointment was made, for example, if the probation officer wanted to administer a surprise drug test. These are facts and circumstances within the peculiar knowledge of the probation department and, accordingly, the People should have the burden to produce evidence as to the reason for a condition requiring reporting and whether it is a part of a defendant's "drug treatment regimen."

The People rely on *People v. Barasa, supra,* 103 Cal.App.4th 287. There, the defendant pled guilty to transportation of a controlled substance. (*Id.* at p. 290.) The defendant sought a grant of probation under Proposition 36. He argued the burden was on the People to prove that the amount of drugs he transported was *not* for personal use.

Rejecting this contention, the Court of Appeal, relying on the Evidence Code provisions quoted above, held the burden was on the defendant to show the drugs were transported for personal use. (*People v. Barasa, supra,* 103 Cal.App.4th 287, 296.)

The difference between *Barasa* and this case is this: in the *Barasa,* the defendant was seeking a grant of probation and was therefore asserting a "claim for relief" within the meaning of Evidence Code section 500. In the instant case, the People are seeking a revocation of probation and incarceration and are therefore asserting a "claim for relief" within the meaning of the same Evidence Code section. The burdens of producing evidence and of persuasion flow from a party's status as a claimant seeking relief. In *Barasa,* the defendant was the claimant. Here, the People, not defendant, are the claimant. Because they are both claimants, both the defendant in *Barasa* and the People in this case are properly assigned the burdens of producing evidence and of persuasion.

In this case, because the People had the burdens of producing evidence and of persuasion that defendant's failure to report did not involve a drug-related

condition of probation and because the People adduced no evidence on the question, defendant's incarceration cannot be upheld. However, we believe the case must be remanded to the trial court for a redetermination of the question whether her failure to report violated a drug-related condition of probation. Because Proposition 36 was in its infancy when the instant probation revocation hearing was held and the applicable law was unsettled, it is understandable why the People failed to meet their burden. ■   In these circumstances, we think it appropriate to reopen the probation revocation hearing for the taking of additional evidence on the question of whether the probation condition violated by defendant (requiring her to obey all orders of the probation department) was drug related. There is no legal impediment to reopening the probation revocation hearing for the taking of additional evidence, because "jeopardy does not attach in probation revocation hearings, which do not constitute 'trial' on a new criminal charge, result in 'conviction,' or integrally relate to 'enforcement' of the criminal laws. [Citations.]" (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 343, fn. 5 [272 Cal.Rptr. 767, 795 P.2d 1223].)

## DISPOSITION

The judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Scotland, P. J., and Robie, J., concurred.