[No. C042734. Third Dist. Nov. 7, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
DEXTER NATHANIEL DIXON, Defendant and Appellant.

COUNSEL

Dale J. Blea, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Marc J. Nolan, Matthew L. Cate, and John A. Thawley, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**SIMS, J.**—In this case, we hold that a general condition of probation, requiring a defendant to report by mail to his probation officer, is not a drug-related condition of probation under Proposition 36. We also hold that, in sentencing a probationer who violated such a condition, the trial court properly applied the presumption against granting probation contained in Penal Code section 1203, subdivision (e)(4) (defendant who has suffered two prior felony convictions in this state is presumptively ineligible for probation). (Further undesignated statutory references are to the Penal Code.)

### FACTUAL AND PROCEDURAL BACKGROUND

On May 1, 2002, defendant Dexter Nathaniel Dixon pleaded guilty to possessing methamphetamine (Health & Saf. Code, § 11377) with the

understanding he would be considered for Proposition 36 treatment. (§ 1210.1.) Defendant was told that if he violated probation "twice" with a "drug-related offense," he would be entitled to have probation reinstated and be referred back to counseling. However, defendant was also told if he violated probation for a reason *other* than a drug-related violation, he could be sent to prison. Defendant stated he understood.

On May 28, 2002, the trial court placed defendant on Proposition 36 probation, ordered him to spend 60 days in jail as a condition of probation with credit for the 60 days he had served, and released him from custody. Other pertinent conditions of probation imposed by the court were (1) report to the probation officer as directed and (2) participate in substance abuse counseling.

On June 5, 2002, defendant met with Probation Officer Leticia Paras-Topete. Defendant signed a form containing the Proposition 36 probation directives. Paras-Topete told defendant about his obligation to report to the probation department monthly by mail beginning July 5, 2002, because he was a Sacramento County resident. Defendant did not report.

On August 22, 2002, Paras-Topete sent defendant a letter reminding him of his responsibility to report.

Defendant enrolled in a National Council on Alcoholism and Drug Dependence program in Sacramento. On September 10, 2002, Paras-Topete received a fax message from the program stating that defendant had failed to attend the program after July 1, 2002.

On September 11, 2002, a petition was filed alleging defendant had violated probation by (1) "[a]fter being advised by the probation officer of the requirement that he report by the fifth of each month by mail, he has failed to report since June 5, 2002 . . ." and (2) "[a]fter being advised by the probation officer to attend substance abuse counseling . . . he has failed to comply, in violation of the special condition that he participate in any program of counseling deemed appropriate by the probation officer and Mental Health . . . ."

On October 18, 2002, a contested violation hearing was held. After Paras-Topete detailed the above facts, defendant admitted she had told him to report every month by mail. Defendant testified he thought under Proposition 36 he would have three chances to "mess up" and get his probation reinstated before a judge. Defendant said he did not have any money to pay for the drug program during the first month and thought he would be arrested if he went to his class. Defendant testified his fiancee was having a baby. He said he

also became homeless and could not receive letters. Apparently disbelieving this testimony, the trial court found both charged violations true.

The trial court opined that a failure to report "absent other facts and findings is not a drug related violation of probation . . . ." The trial court concluded it was not mandated to reinstate defendant on Proposition 36 probation. The trial court stated if it did have discretion to place defendant back on Proposition 36 probation, it would not do so.

The trial court concluded defendant was presumptively ineligible for regular probation under section 1203, subdivision (e)(4). The trial court imposed a two-year prison term.

On November 20, 2002, defendant filed his notice of appeal.

## DISCUSSION

### I.

Defendant contends the trial court erred on May 28, 2002, when it sentenced defendant to 60 days in jail as a probation condition, in violation of section 1210.1, subdivision (a), which states in part: "[a] court may not impose incarceration as an additional condition of probation."

■ This issue is not cognizable. Defendant did not file a notice of appeal within 60 days of sentencing on May 28, 2002. (Cal. Rules of Court, rule 31(a).) This appeal is from the judgment imposing a prison sentence on November 18, 2002, following the probation revocation. Because he failed to file a timely notice of appeal, he cannot challenge the condition in this appeal. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094 [81 Cal.Rptr.2d 301, 969 P.2d 146].)

### II.

Defendant argues the court erred by revoking probation based on his failure to complete a drug program, the second charged violation, in the absence of a finding he posed a danger to others. Defendant's argument concentrates on his failure to complete the drug program as an alleged violation of a "drug-related condition," as defined in section 1210.1, subdivision (e)(3)(A).[1] Both parties agree that failure to complete the drug program

---

[1] Section 1210.1, subdivision (e)(3)(A) provides: "If a defendant receives probation under subdivision (a), and violates that probation either by committing a nonviolent drug possession offense, or a misdemeanor for simple possession or use of drugs or drug paraphernalia, being present where drugs are used, or failure to register as a drug offender, or any activity similar to

was a violation of a "drug-related condition." The question is whether defendant's failure to report by mail to his probation officer was a violation of a non-drug-related condition.

■ "Anticipating that drug abusers often initially falter in their recovery, Proposition 36 gives offenders several chances at probation before permitting a court to impose jail time. The first time an offender violates a *drug-related* condition of probation, he is entitled to be returned to probation unless he poses a danger to others. (§ 1210.1, subd. (e)(3)(D).) The second time he violates a drug-related condition of probation, he is entitled to be returned to probation unless he poses a danger to others or is unamenable to treatment. (§ 1210.1, subd. (e)(3)(E).) Only upon a third violation of a drug-related condition of probation does an offender lose the benefit of Proposition 36's directive for treatment instead of incarceration. (§ 1210.1, subd. (e)(3)(F).) Upon such a violation, the court regains its discretion to impose jail or prison time. (*People v. Davis* (2003) 104 Cal.App.4th 1443, 1448 [129 Cal.Rptr.2d 48].) Proposition 36 does not, however, extend the same grace to probationers who violate *non-drug-related* conditions of probation. The first time a probationer violates such a condition, the court has discretion to incarcerate the person. (§ 1210.1, subd. (e)(2).)" (*In re Taylor* (2003) 105 Cal.App.4th 1394, 1397–1398 [130 Cal.Rptr.2d 554], fns. omitted.)

Section 1210.1, subdivision (f) provides: "The term 'drug-related condition of probation' shall include a probationer's specific drug treatment regimen, employment, vocational training, educational programs, psychological counseling, and family counseling."

In *In re Mehdizadeh* (2003) 105 Cal.App.4th 995 at page 1001 [130 Cal.Rptr.2d 98], and in *In re Taylor, supra,* 105 Cal.App.4th 1394 at page 1399, the courts both held that a defendant's failure to report to his probation officer *for drug testing* constituted the violation of a drug-related condition of probation.

In *People v. Atwood* (2003) 110 Cal.App.4th 805 [2 Cal.Rptr.3d 67], defendant failed to keep a personal appointment with her probation officer thereby violating a condition of probation that required her to "[f]ollow all orders of [the] probation department." (*Id.* at p. 808.) We held that since the record did not illuminate why the defendant had been ordered to appear in

those listed in paragraph (1) of subdivision (d) of Section 1210, or by violating a drug-related condition of probation, and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence that the defendant poses a danger to the safety of others. If the court does not revoke probation, it may intensify or alter the drug treatment plan."

person to her probation officer (possibly for a drug test) the case had to be remanded to the trial court to allow the People the opportunity to present additional evidence on whether the condition of probation was "drug-related." (*Id.* at pp. 812–813.)

By way of contrast, in *People v. Goldberg* (2003) 105 Cal.App.4th 1202 [130 Cal.Rptr.2d 192], the court opined in dictum that a general condition of probation, requiring a defendant to report to his probation officer, was a *non*-drug-related condition. (*Id.* at p. 1209.)

In the instant case, we do not have to decide whether a general condition of probation requiring a defendant to report personally to his probation officer, may qualify as a non-drug-related condition. Defendant was ordered to report by mail. This method of reporting could not have involved a drug test, nor was there anything else about reporting by mail that was peculiar to defendant's drug problems or drug treatment. ■ We therefore conclude that the condition of probation requiring defendant to report by mail to his probation officer was a non-drug-related condition of probation and the trial court had discretion to incarcerate defendant. (*In re Taylor, supra,* 105 Cal.App.4th 1394, 1398.)

### III.

When it refused to reinstate probation and sentenced defendant to state prison, the trial court remarked at various points in the sentencing hearing that it believed defendant was presumptively ineligible for probation pursuant to section 1203, subdivision (e), which provides:

"Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: [¶] . . . [¶]

"(4) Any person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony."

Defendant had been previously convicted in this state of three separate felonies.

On appeal, defendant contends the trial court erroneously relied on the presumption against a grant of probation contained in section 1203, subdivision (e)(4). Defendant argues that this statute is trumped by section 1210.1, a part of Proposition 36.

Defendant first argues section 1210.1 bars application of section 1203, subdivision (e)(4) because subdivision (a) of section 1210.1 provides in pertinent part: *"Notwithstanding any other provision of law,* and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation." (Italics added.) However, this language refers to the initial sentencing of a defendant. It does not apply to a sentencing conducted following a defendant's violation of a non-drug-related condition of probation. The latter situation is governed by section 1210.1, subdivision (e)(2), which does not contain the "Notwithstanding any other provision of law" language.[2] Defendant's argument is not meritorious.

Defendant next argues section 1210.1, subdivision (e)(2) bars application of section 1203, subdivision (e)(4). Defendant points to language in the first statute that provides: "[t]he court may modify or revoke probation if the alleged violation is proved." (See fn. 2 *ante.*) Defendant argues that this language gave the court authority to modify and therefore reinstate probation notwithstanding the strictures of section 1203, subdivision (e)(4).

We do not agree with defendant's argument.

■ In interpreting the interplay between the two statutes at issue, we have in mind the fundamental canon of statutory interpretation that "[e]very statute should be construed and applied 'with reference to the whole system of law of which it is a part so that all may be harmonized and have effect.' [Citations.]" (*Goodstein v. Superior Court* (1996) 42 Cal.App.4th 1635, 1641 [50 Cal.Rptr.2d 459].)

■ As we view Proposition 36 in its entirety, we think that a defendant who has violated a non-drug-related condition of probation loses the "grace" granted to probationers otherwise subject to Proposition 36. (See *In re Taylor, supra,* 105 Cal.App.4th 1394, 1398.) At that point, the defendant stands in the same shoes as any other probationer and he is subject to whatever sentencing statutes bear on his sentencing.

Section 1210.1, subdivision (e)(2) says that following violation of a non-drug-related condition of probation, "[t]he court may modify *or* revoke probation." (See fn. 2 *ante,* italics added.) This power is in the disjunctive. Thus, following violation of a non-drug-related condition of probation, the

---

[2] Section 1210.1, subdivision (e)(2) provides: "If a defendant receives probation under subdivision (a), and violates that probation either by being arrested for an offense that is not a nonviolent drug possession offense, or by violating a non-drug-related condition of probation, and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The court may modify or revoke probation if the alleged violation is proved."

trial court retains discretion to "modify" (and therefore reinstate) probation under section 1210.1, subdivision (e)(2), but only if some other statute (such as section 1203) does not countenance against a grant of probation. In the latter situation, the court must resort to the disjunctive command to revoke. This result harmonizes sections 1210.1 and 1203.

Nothing in the ballot materials submitted to the voters in connection with Proposition 36 contravenes this result. Thus, the Legislative Analyst told voters, with respect to available sanctions, "[a]n offender sentenced by a court to participate in and complete a drug treatment program under this measure would only be subject to certain sanctions if it were determined that he or she was unamenable to treatment or had violated a condition of probation. The sanctions could include being moved to an alternative or more intensive form of drug treatment, *revocation of probation and incarceration in prison or jail.*" (Ballot Pamp., Gen. Elec. (Nov. 7, 2000), analysis by Legis. of Prop. 36, p. 24, italics added.)

Because defendant in this case violated a non-drug-related condition of probation, the court properly looked to other statutes to determine whether a grant of probation was appropriate. Because defendant had suffered three prior felony convictions in this state, the trial court properly applied the presumption against probation found in section 1203, subdivision (e)(4). Defendant's contention to the contrary is not meritorious.

## DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Robie, J., concurred.