[No. F059737. Fifth Dist. Mar. 8, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
MARK STEVEN BAUER, Defendant and Appellant.

## COUNSEL

Ellise R. Nicholson, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Lloyd G. Carter, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**[*]—After Mark Steven Bauer pled guilty to possession of a controlled substance, the court placed him on Proposition 36 probation, but twice he violated probation.[1] The sole issue on appeal is whether the court's termination of probation and imposition of a state prison sentence was proper. We affirm.

---

[*]Gomes, Acting P. J., Poochigian, J., and Franson, J.

[1] Approved by the voters on November 7, 2000, Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, was codified in Penal Code sections 1210, 1210.1, and 3063.1 and division 10.8 (§ 11999.4 et seq.) of the Health and Safety Code.

## DISCUSSION

Preliminarily, we summarize the factual and procedural history of the case. On January 13, 2009, a deputy sheriff found in Bauer's possession two syringes, one filled with a brownish liquid that tested presumptively positive for heroin. He admitted the syringes were his and the liquid was heroin.[2]

On January 15, 2009, a two-count complaint charged Bauer in count 1 with possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and alleged five prison term priors (Pen. Code, § 667.5, subd. (b))[3]—one for forgery (§ 470), two for petty theft with a prior (§ 666), and two for possession of a controlled substance (Health & Saf. Code, § 11350)—and charged him in count 2 with possession of a hypodermic needle or syringe (Bus. & Prof. Code, § 4140). He pled not guilty and denied the priors.

On February 10, 2009, the court accepted a negotiated settlement. Bauer withdrew his not guilty plea, pled guilty to count 1 (possession of a controlled substance), and admitted three prison term priors (one for petty theft with a prior and two for possession of a controlled substance). The court dismissed count 2 (possession of a hypodermic needle or syringe), struck the other two prison term priors (one for forgery and one for petty theft with a prior), and placed him on Proposition 36 probation for three years.

On April 28, 2009, the probation department filed an order to show cause alleging that Bauer violated probation by failing to report to the probation officer as directed, by failing to complete substance abuse treatment, by failing to register under Health and Safety Code section 11590, and by failing to complete AIDS education. The probation department recommended that, if he were found to be in violation, he "be reassessed for motivation for continuation of treatment under Proposition 36." On July 29, 2009, he admitted that he was in violation of probation, which the court revoked, reinstated, and modified.

On August 31, 2009, the probation department filed an order to show cause alleging that Bauer again violated probation by again failing to report to the probation officer as directed, by again failing to complete substance abuse treatment, by again failing to register under Health and Safety Code section 11590, and by again failing to complete AIDS education. The probation department recommended that, if he were found to be in violation, his "participation in Proposition 36 be terminated" and he "be ordered to serve a lengthy period of incarceration." On September 23, 2009, the court revoked

---

[2] The facts are from the prosecutor's summary of the factual basis for Bauer's guilty plea.

[3] Later statutory references are to the Penal Code except where otherwise noted.

his probation and issued a bench warrant on his failure to appear in response to the order to show cause.[4]

On February 10, 2010, Bauer characterized the issue before the court not as "factual" but as "legal," admitted as "true" the allegations that he "failed to report, failed to complete the treatment, failed to register and failed to complete an AIDS education," and asked the court to allow him "to be referred back to Prop 36 and complete the program." After a lengthy colloquy with counsel, the court opined that the law allowed imposition of sentence on a "nondrug-related probation violation" after one violation, let alone two, and additionally opined, with reference to section 1210.1, subdivision (d)(3), that "there certainly is not good cause to extend [his drug treatment services] beyond 12 months at this point."[5] Bauer requested a contested violation of probation hearing, which began after the lunch recess that day.

At the contested violation of probation hearing, the parties stipulated to the details of the violations of probation in the order to show cause filed on August 31, 2009:

"On July 29, 2009, the defendant was directed by the Court to report to the Probation Department by July 31, 2009. The defendant failed to report as ordered by the Court.

"On February 10, 2009, and July 29, 2009, the defendant was directed to enroll in and complete substance abuse treatment. As of the writing of this report, the defendant is not enrolled in or attending treatment.

"On February 10, 2009, and July 29, 2009, the defendant was directed to register pursuant to 11590 of the California Health and Safety Code. The defendant has failed to provide verification of registering pursuant to 11590 of the California Health and Safety Code.

"On February 10, 2009, and July 29, 2009, the defendant was directed to complete an AIDS Education Program pursuant to 1001.1 of the California Penal Code. The defendant has failed to provide verification of completing AIDS Education."

---

[4] The court later learned that Bauer was in the custody of the California Department of Corrections and Rehabilitation on another matter from August 25 to December 29, 2009, when he was taken into custody on the bench warrant.

[5] The statute provides: "Drug treatment services provided by subdivision (a) as a required condition of probation may not exceed 12 months, unless the court makes a finding supported by the record, that the continuation of treatment services beyond 12 months is necessary for drug treatment to be successful. If such a finding is made, the court may order up to two six-month extensions of treatment services. The provision of treatment services under the Substance Abuse and Crime Prevention Act of 2000 shall not exceed 24 months." (§ 1210.1, subd. (d)(3).)

As the sole witness at the contested violation of probation hearing, Bauer testified that he went to one substance abuse treatment class "a long time ago," that he had a seizure afterward for which he was in the hospital for three days, and that he needed the help he thought Proposition 36 could provide. "Mr. Bauer," the court said, "if I thought that there was something we could do that would make a difference for you, I would certainly do it, but at this point I just don't see that that is the case. It looks to me like you haven't followed through with probation to any appreciable degree at this point." The court found a "second violation of probation as to treatment, registration and AIDS education," "a non-Prop 36 violation for failure to report," and "no good cause" to order an extension of treatment services. (Cf. § 1210.1, subd. (d)(3).) The court terminated probation and imposed an aggregate four-year four-month state prison sentence consisting of the mitigated 16-month term on the possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)) and a one-year term on each of the three prison term priors (§ 667.5, subd. (b)).

Bauer argues that the court's termination of probation and imposition of a state prison sentence was an abuse of discretion and a violation of due process arising out of a misinterpretation of section 1210.1, subdivision (d). His rationale is that his "probation terms, independently and together, stemmed from [his] drug conviction" and that "his violation of these terms was connected to his drug charge." He paints with too broad a brush. *In re Taylor* (2003) 105 Cal.App.4th 1394 [130 Cal.Rptr.2d 554] (*Taylor*), the primary authority on which he relies, is distinguishable.

In *Taylor*, the failure of a Proposition 36 probationer to report to his probation officer for *testing* was drug related. (*Taylor, supra,* 105 Cal.App.4th at p. 1399.) In a carefully limited holding, *Taylor* held "*only* that when the probation violation is the failure to appear for an appointment *to be tested,* then the appointment is a drug-related condition." (*Id.* at fn. 7, italics added.) Here, nothing in the record shows, let alone intimates, that Bauer failed to report to his probation officer *to be tested.*

Even so, Bauer goes on to paint with a broader brush. He argues that the "sole purpose for [his] reporting to probation was related to his drug offense, treatment, and monitoring" so "there were no reasons for [his] probation conditions other than to assess whether [he] was complying with the drug-related conditions of his probation." His argument both proves too much and too little. He is not a Proposition 36 probationer who "commences drug treatment and falters" but one who essentially "made no effort whatsoever to comply with his drug treatment probation." (*People v. Guzman* (2003) 109 Cal.App.4th 341, 349–350 [134 Cal.Rptr.2d 727], citing § 1210.1,

subd. (b)(4);[6] cf. *People v. Friedeck* (2010) 183 Cal.App.4th 892, 895–896 [107 Cal.Rptr.3d 667].) A Proposition 36 probationer with "an abysmal probation record" of "repeated and flagrant violations of probation" shows that he or she has, "in effect, 'refuse[d] drug treatment as a condition of probation' " and "is thus ineligible for another reinstatement of Proposition 36 probation." (*People v. Johnson* (2003) 114 Cal.App.4th 284, 303 [7 Cal.Rptr.3d 492], quoting § 1210.1, subd. (b)(4).) That is Bauer's fate.[7]

## DISPOSITION

The judgment is affirmed.

---

[6] Section 1210.1, subdivision (a) provides in part, "Notwithstanding any other provision of law, and except as provided in subdivision (b), any person convicted of a nonviolent drug possession offense shall receive probation." Section 1210.1, subdivision (b)(4) provides section 1210.1, subdivision (a) shall not apply to "[a]ny defendant who refuses drug treatment as a condition of probation."

[7] Our holding renders moot Bauer's constitutional due process argument (U.S. Const., 14th Amend.) and statutory extensions-of-treatment-services argument (§ 1210.1, subd. (d)(3); see *ante*, fn. 5).