Filed 5/15/13  P. v. York CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>EMMETT WALTER YORK,<br><br>    Defendant and Appellant. | B243070<br><br>(Los Angeles County<br>Super. Ct. Nos. MA054566, BA347717) |

APPEAL from an order of the Superior Court of Los Angeles County. Charlaine F. Olmedo, Judge.  Affirmed.

Patrick Morgan Ford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In October 1988, a juvenile petition was sustained finding that in March 1988 defendant Emmett York, birth date May 1970, had committed robbery (Pen. Code, § 211).[1] Defendant was granted probation but seven months later was arrested for grand theft from a person (former § 487.2, now § 487, subd. (c)), and was thereafter committed to placement in a camp by the California Youth Authority.

In January 1991, defendant was convicted of vehicle theft (Veh. Code, § 10851, subd. (a)) and was sentenced to 36 months probation.

In March 1992, defendant was convicted of petty theft (§ 666) and sentenced to one year summary probation.

In December 1992, defendant was convicted of grand theft of cargo (§ 487h, subd. (a)). He was sentenced to two years in prison, the sentence to run concurrent with a jail term imposed for the January 1991 conviction.

On October 6, 1993, defendant escaped from prison (§ 4530, subd. (b)), a felony for which, on January 7, 1994, he was convicted and sentenced to 16 months in prison, the sentence to run consecutive to the sentence imposed for the December 1992 conviction. He was paroled before his prison term ended but violated parole in October 1995 and was returned to prison. Defendant was later paroled a second time but in February 1997 again violated parole and was returned to prison.

In April 1998, defendant was convicted of first degree burglary (§ 459) and sentenced to four years in prison. He was paroled immediately but within one month violated parole and was returned to prison.

Defendant was paroled again but in October 1999 was convicted for second degree burglary and sentenced to 16 months in prison, the sentence to run concurrent with the sentence from the 1998 conviction.

In August 2001, defendant was convicted of second degree burglary, three counts of credit card theft (§§ 484e, subd. (a); 484g, subd. (a)), and grand theft (§ 487, subd. (a)). He was sentenced to six years in prison.

---

[1] Undesignated statutory references are to the Penal Code.

In June 2007, defendant was convicted of petty theft (§ 487c) and sentenced to 198 days in jail. He was paroled before completing the sentence but in August 2007 violated parole and was returned to jail.

In the early morning of October 12, 2008, defendant was pulled over for driving in a vehicle that had no rear license plate. When he informed the officers that he was on parole, he was ordered to step out of the car, and it was searched. The officers recovered eight baggies of marijuana from the compartment surrounding the vehicle's gas cap. Defendant told the officers, "Sir, with the money I make from selling weed I can't even afford to pay for the impound. My girlfriend doesn't support me so I have to make a living." Defendant was arrested.

Defendant was charged with sale of marijuana (Health & Saf. Code, § 11360, subd. (a)) and possession of marijuana for sale (*id*. at § 11359), both felonies, and it was alleged he had been convicted in 1998 of first degree burglary, a strike pursuant to the three strikes law, and had served five prior prison terms and failed to remain free of prison for a period of five years subsequent to the conclusion of any of those terms (§ 667.5, subd. (b)).[2]

Defendant initially pled not guilty and denied the special allegations, but later changed his plea to no contest and admitted the allegations. In exchange, and over the prosecution's objection, the trial court dismissed the special allegations and sentenced defendant to three years probation and diversion into a residential drug treatment program. As part of the plea, defendant waived his right to a trial on both the charges and special allegations and was informed that if he violated the terms of probation he could be brought back to court and sent to prison without a trial. He was ordered to enter into a drug treatment program, submit to periodic drug testing as requested by his probation officer or the drug program, register as a drug offender (Health & Saf. Code, § 11590), obey all laws and regulations of the probation department, pay certain fines and fees, and

---

[2] Los Angeles Superior Court Case No. BA347717.

not possess any controlled substance. Defendant stated he understood and accepted all the terms and conditions of probation.

Twenty months later, on November 14, 2011, defendant was charged with possession of cocaine base in violation of Health and Safety Code section 11350, subdivision (a), a felony, and it was alleged he had suffered two prior strikes and served four prior prison terms.[3, 4] He pleaded guilty to the charge and admitted the special allegations, and was sentenced to three years probation and diversion into a drug treatment program pursuant to Proposition 36, the "Substance Abuse and Crime Prevention Act of 2000," codified in Penal Code sections 1210, 1210.1, and 3063.1 and Health and Safety Code section 11999.4 et seq. (*People v. Canty* (2004) 32 Cal.4th 1266, 1272–1273.) As part of his plea defendant waived the right to a jury trial and indicated he understood that if he violated probation he could be sentenced to prison without trial for up to 25 years to life. Defendant was ordered to submit to periodic drug tests, attend Narcotics Anonymous meetings, register as a narcotics offender, pay various fines and fees, keep the probation department apprised of his address, and obey all rules and regulations of the court and probation department. He indicated he understood and accepted the terms of his probation.[5]

After imposition of this sentence, defendant never reported to probation. In fact, on January 23, 2012 the probation department reported defendant had not reported to the department since September 2011. It also reported he was given a payment schedule in October 2011, whereby he could pay the approximately $3,000 in fines and fees at a rate of $10 per month, but never made any payments. A telephone message left by the probation department went unreturned and a letter sent by the court was returned by the post office with no forwarding address. On February 14, 2012, defendant failed to appear

---

[3] Los Angeles Superior Court Case No. MA054566.

[4] Defendant apparently had served only three prior prison terms, as the terms for the 1998 and 1999 burglaries were served concurrently.

[5] The sentencing court was apparently unaware of LASC Case No. BA347717.

in court as ordered in the returned letter. The court subsequently revoked his probation in case No. BA347717 and issued a bench warrant for his arrest. Defendant was arrested on the warrant on March 30, 2012.

On April 12, 2012, the probation department reported defendant had failed to appear for 11 drug tests, failed to register as a narcotics offender, and tested positive for drugs on several occasions. On April 20, 2012, the probation department reported defendant had failed to complete any drug program or submit to drug testing.

On July 26, 2012, the trial court conducted a probation violation hearing. Following evidence that defendant failed to report to his probation officer, pay his fines, or complete a drug treatment program, the court revoked probation. It then sentenced defendant to eight years in prison, comprising the two-year midterm on the 2011 possession charge, doubled under the three strikes law because of the 1998 robbery conviction, plus one year for the 2008 possession charge (one-third the three-year middle term), plus three consecutive one-year sentences for three prior prison terms. Defendant was required to register as a narcotics offender, provide a DNA sample, and pay various fines and fees, and was given 387 days service credit.

Defendant obtained no certificate of probable cause but filed a timely appeal. We appointed counsel to represent him on appeal, and after examining the record counsel filed an opening brief raising no issues and asking this court to review the record independently.

On March 25, 2013, defendant filed his own appellate brief.

## DISCUSSION

### A.     Defendant Was Not Granted Deferred Judgment Under Section 1000 or 1001

Defendant first contends he was improperly convicted and sentenced under California's deferred entry of judgment statutes, section 1000 et seq., and the state's misdemeanor diversion program, section 1001 et seq. He argues he was not required to admit guilt in order to be granted deferred entry of judgment and diversion under these programs, and after unsuccessful performance in them was entitled to a hearing under section 1000.3 before sentencing.

5

Defendant's argument confuses three different diversion programs:  pretrial deferred entry of judgment under section 1000 et seq., misdemeanor diversion under section 1001 et seq., and Proposition 36.

Under the deferred entry of judgment program, "an eligible defendant can enter a plea of guilty, participate in a drug rehabilitation program and, upon completion of the program, have the charges dismissed.  (§§ 1000–1000.2.)  'A defendant's plea of guilty pursuant to this chapter shall not constitute a conviction for any purpose unless a judgment of guilt is entered pursuant to Section 1000.3.'  (§ 1000.1, subd. (d).)" (*People v. Laino* (2004) 32 Cal.4th 878, 896–897.)  To be eligible for deferred entry of judgment, a defendant must have been charged with a qualifying offense—violation of sections 11350, 11357, 11364, 11377, 11358 or 11550 of the Health and Safety Code or section 23222 of the Vehicle Code—and may have no "conviction for any offense involving controlled substances prior to the alleged commission of the charged offense," no record indicating that "probation or parole has ever been revoked without thereafter being completed," and "no prior felony conviction within five years prior to the alleged commission of the charged offense."  (§ 1000, subds. (a)(1), (a)(4), (a)(6).)

Defendant failed to qualify for deferred entry of judgment in either 2009 or 2011.  Regarding his 2009 conviction, defendant was not convicted of one of the drug offenses specifically enumerated in section 1000.  Instead, he was convicted for sale of marijuana (Health & Saf. Code, §§ 11360, subd. (a)) and possession of marijuana for sale (Health & Saf. Code, § 11359), which are not listed.  Defendant was thus ineligible for pretrial drug diversion under section 1000 in 2009.  Regarding defendant's 2011 conviction, defendant was disqualified from drug diversion under section 1000 by his 2009 felony drug convictions and record of probation and parole violations.  Because the drug diversion program described in section 1000 et seq. was unavailable, the sentencing procedure described in section 1000.3, which is part of that program, was also unavailable, and the trial court was not required to conduct a hearing before sentencing.

Under the misdemeanor diversion program set forth in section 1001 et seq., the prosecution of a defendant charged with a misdemeanor may be postponed "either

6

temporarily or permanently at any point in the judicial process from the point at which the accused is charged until adjudication." (§ 1001.1.) Section 1001.3 provides that a defendant placed in a misdemeanor diversion program need make no admission of guilt as a condition of placement. But here, defendant did not qualify for misdemeanor diversion because he was charged only with felonies in 2009 and 2011. Section 1001.3 therefore did not apply.

## B. Probation was Properly Revoked Under Proposition 36

Defendant was granted drug diversion probation under Proposition 36, which is analogous to the deferred entry of judgment statutes in some ways but not identical. (*People v. Canty*, *supra*, 32 Cal.4th at p. 1285.) The issue is whether probation could be revoked and sentence imposed once he violated the conditions of probation.

"Following the enactment of Proposition 36, . . . a defendant who has been convicted of a 'nonviolent drug possession offense' must receive probation and diversion into a drug treatment program, and may not be sentenced to incarceration as an additional term of probation." (*People v. Canty*, *supra*, 32 Cal.4th at pp. 1272–1273.) "As a condition of probation the court shall require participation in and completion of an appropriate drug treatment program. The court shall impose appropriate drug testing as a condition of probation. . . . Probation shall be imposed by suspending the imposition of sentence." (§ 1210.1, subd. (a).) The court may revoke Proposition 36 probation if the defendant "violat[es] a non-drug-related condition of probation." (§ 1210.1, subd. (f)(2).) "If probation is revoked . . . , the defendant may be incarcerated pursuant to otherwise applicable law . . . ." (§ 1210.1, subd. (f)(1).)

"Anticipating that drug abusers often initially falter in their recovery, Proposition 36 gives offenders several chances at probation before permitting a court to impose jail time. The first time an offender violates a *drug-related* condition of probation, he is entitled to be returned to probation unless he poses a danger to others. (§ 1210.1, subd. (e)(3)(D).) The second time he violates a drug-related condition of probation, he is entitled to be returned to probation unless he poses a danger to others or is unamenable to treatment. (§ 1210.1, subd. (e)(3)(E).) Only upon a third violation of a drug-related

condition of probation does an offender lose the benefit of Proposition 36's directive for treatment instead of incarceration. (§ 1210.1, subd. (e)(3)(F).) Upon such a violation, the court regains its discretion to impose jail or prison time. [Citation.] Proposition 36 does not, however, extend the same grace to probationers who violate *non-drug-related* conditions of probation. The first time a probationer violates such a condition, the court has discretion to incarcerate the person. (§ 1210.1, subd. (e)(2).)" (*In re Taylor* (2003) 105 Cal.App.4th 1394, 1397–1398, fns. omitted.)

Here, defendant violated several non-drug-related conditions of probation. He failed to meet with his probation officer from October 2011 through January 2012, failed to keep the probation department apprised of his address, failed to pay down his financial obligation, and failed to appear in court as ordered. The court therefore had discretion to revoke probation and incarcerate defendant "pursuant to otherwise applicable law." (§ 1210.1, subd. (f)(1).)

## C.    The Sentence Imposed was Proper

When probation is revoked the court may impose the sentence that was suspended in order to grant probation in the first place. (§ 1203.2, subd. (c) ["Upon any revocation and termination of probation the court may, if the sentence has been suspended, pronounce judgment for any time within the longest period for which the person might have been sentenced"].) Here, the trial court was expressly authorized by subdivision (c) of section 1203.2 to impose sentence on defendant's 2009 and 2011 convictions after revoking probation.

Defendant argues the trial court was without discretion to sentence him to eight years in prison simply for failing to appear in court on February 14, 2012. The argument is without merit because defendant received eight years due to his convictions and recidivism, not his failure to appear. The consequence of his failure to appear was only that Proposition 36 probation was revoked.

Defendant argues the sentence was illegal in that the trial court was without discretion to add three consecutive one-year terms for his three prior prison terms because he had stayed free of custody for five years. On the contrary, the court was

8

required by statute to impose the three enhancements. Section 667.5, subdivision (b), provides that "where the new offense is any felony for which a prison sentence . . . is imposed . . . , in addition and consecutive to any other sentence therefor, the court shall impose a one-year term for each prior separate prison term . . . ; provided that no additional term shall be imposed under this subdivision for any prison term . . . prior to a period of five years in which the defendant remained free of both the commission of an offense which results in a felony conviction, and prison custody . . . ."

Here, the trial court added three consecutive one-year enhancements to defendant's sentence for the prison terms he served for convictions for grand theft in 1992 (two years), escape in January 1994 (16 months), burglary in 1998 and 1999 (four years and 16 months respectively, concurrent), and burglary and other counts in 2001 (six years). To obtain probation, defendant admitted he had served those terms and also admitted that at no time between 1992 and 2009 was he free of prison custody for a period of five years subsequent to the conclusion of those prior terms.

**D. Defendant Received Effective Assistance of Counsel**

Finally, defendant contends he received ineffective assistance of counsel on appeal because his appellate counsel raised no issues in the appellate brief. We disagree. Defendant's no contest and guilty pleas limit the potential scope of his appeal to "constitutional, jurisdictional, or other grounds going to the legality of the proceedings" and "[g]rounds that arose after entry of the plea and do not affect the plea's validity." (Pen. Code, § 1237.5, subd. (a); Cal. Rules of Court, rule 8.304(b)(4)(B).) We have examined the entire record and have found that no arguable issues of any sort exist, let alone issues cognizable without a certificate of probable cause. We are thus satisfied that defendant's appointed counsel has fully complied with the responsibilities set forth in *People v. Kelly* (2006) 40 Cal.4th 106, 109-110 and *People v. Wende* (1979) 25 Cal.3d 436, 441.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.

CHANEY, J.

We concur:

MALLANO, P. J.

JOHNSON, J.

10