[No. C040635. Third Dist. Jan. 7, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
REGINALD ANTWAN DAVIS, Defendant and Appellant.

1444

COUNSEL

William M. Duncan, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Jo Graves, Assistant Attorney General, Rachelle A. Newcomb, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**ROBIE, J.**—After a probation violation hearing, the trial court lifted a stay of a two-year prison sentence imposed on defendant Reginald Antwan Davis at the time of his conviction for possession of methamphetamine. Defendant contends this order improperly deprived him of the benefits of Proposition 36. We agree and shall reverse.

### BACKGROUND

On April 6, 1999, defendant was charged with possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a). On April 12, 1999, defendant pled guilty to the charge and was sentenced to two years in state prison. However, the court suspended execution of sentence and placed defendant on probation for five years. As a condition of probation, defendant was ordered to attend drug court.

On April 14, 1999, the court accepted defendant into its drug court substance abuse program. However, on September 10, 2001, defendant was terminated from the program for a positive drug test and two failures to appear in drug court.

On March 7, 2002, the court held a hearing on defendant's alleged probation violation and found he had violated the terms and conditions of probation by testing positive for a controlled substance and failing to appear in drug court. The court revoked his probation and lifted the stay on the two-year prison sentence. Defendant was remanded forthwith.[1]

### DISCUSSION

Defendant argues, and the People concede, that his five-year probationary term fell within the provisions of Proposition 36 because he was on probation on July 1, 2001, the effective date of the statute. Defendant contends Penal Code section 1210.1, subdivision (e)(3)(A) prohibits his incarceration as a consequence of his drug-related violation of probation, absent the finding he poses a danger to others. The People respond that the language of

---

[1]After sentencing, defendant pled guilty to resisting arrest in violation of Penal Code section 148, a misdemeanor, a separate case not presented in this appeal.

the statute does not preclude the trial court from using its general discretion to revoke probation under Penal Code sections 1203.2 and 1203.3. We disagree.

I

*Proposition 36 as Applied to Persons Already on Probation*

California voters passed Proposition 36, the Substance Abuse and Crime Prevention Act of 2000, on November 7, 2000. The provisions of the proposition are codified in sections 1210, 1210.1 and 3063.1 of the Penal Code, and division 10.8, commencing with section 11999.4 of the Health and Safety Code. By its terms, Proposition 36 requires the court to grant probation with a drug treatment condition to any person convicted of a nonviolent drug possession offense and prohibits incarceration as a condition of probation. This initiative measure provided for a July 1, 2001, effective date. (See Prop. 36, § 8; *In re DeLong* (2001) 93 Cal.App.4th 562, 569 [113 Cal.Rptr.2d 385].)

Proposition 36 made specific provision for those persons, like defendant, who were on probation for nonviolent drug possession offenses on July 1, 2001. Penal Code section 1210.1, subdivision (e)(3)(D) provides: "If a defendant on probation at the effective date of this act for a nonviolent drug possession offense violates that probation . . . *by violating a drug-related condition of probation,* and the state moves to revoke probation, the court shall conduct a hearing to determine whether probation shall be revoked. The trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence that the defendant poses a danger to the safety of others. *If the court does not revoke probation, it may modify probation and impose as an additional condition participation in a drug treatment program.*" (Italics added; see *In re DeLong, supra,* 93 Cal.App.4th at p. 569.)

II

*"Drug-related" Conditions of Probation*

As an initial matter, defendant contends that he violated a "drug-related condition" of his probation when he tested positive for controlled substances and was absent without excuse from drug court. The People, however, argue that his failure to appear in drug court was merely a violation of a court order and not part of a drug-related condition of his probation. Penal Code section 1210.1, subdivision (f), defines the term "drug-related condition of probation" as "includ[ing] a *probationer's specific drug treatment*

*regimen*, employment, vocational training, educational programs, psychological counseling, and family counseling." (Italics added.) We conclude it is beyond question that defendant's acceptance into and ordered participation in the court's substance abuse program of drug testing and reporting to drug court was part of defendant's drug treatment regimen and a drug-related condition of his probation.

III

*Judicial Options for Violations of Probation*

A trial court has two options when a defendant who was on probation as of July 1, 2001, for a nonviolent drug offense is proven to have violated a drug-related condition of that probation for the first time: (1) if the People prove by a preponderance of the evidence that the defendant poses a danger to the safety of others, the court must revoke the defendant's probation; or (2) the court "may modify probation and impose as an additional condition participation in a drug treatment program." (Pen. Code, § 1210.1, subd. (e)(3)(D).)

Here, the People made no attempt to show defendant was a danger to the safety of others, and the trial court did not find that he was. Thus, the trial court could not use the first option—revocation of defendant's probation. That left the trial court with the option of modifying defendant's probation. Nevertheless, the trial court revoked defendant's probation and lifted the stay on the previously imposed term of incarceration. This was error.

That subdivision (e)(3)(D) of Penal Code section 1210.1 does not allow the trial court to revoke probation and lift the stay on the defendant's previously imposed term of incarceration is made apparent by viewing that provision in context with subparagraphs (E) and (F) of that subdivision. Those subparagraphs address the consequences of a second and third violation of a drug-related condition of probation.

For a *second proven violation* of a drug-related condition, the court must revoke the defendant's probation if the People prove by a preponderance of the evidence that the defendant poses a danger to the safety of others or that the defendant is unamenable to drug treatment. If the People fail to make this showing, the court may only "modify probation and impose as an additional condition participation in a drug treatment program." (Pen. Code, § 1210.1, subd. (e)(3)(E).)

When such a defendant violates a drug-related condition of probation a *third time*, "the defendant is not eligible for continued probation under

subdivision (a)." (Pen. Code, § 1210.1, subd. (e)(3)(F).) This means that only after three violations of a drug-related condition of probation does a defendant lose the protection of Penal Code section 1210.1, subdivision (a), which requires participation in a drug treatment program and prohibits incarceration as a condition of probation. Then, however, the court has the full range of options otherwise available in a probation revocation proceeding, including imposing a term of incarceration as a new condition of probation or lifting the stay on a previously imposed term of incarceration. These provisions make clear that the court does not retain the general discretion to revoke probation under Penal Code sections 1203.2 and 1203.3 for those individuals who fall within the protection of Proposition 36.

██ Further indication that the interpretation of Penal Code section 1210.1, subdivision (e)(3)(D) must be read to override the court's general discretion to revoke probation under Penal Code sections 1203.2 and 1203.3 is shown when we apply the fundamental rule that "[w]here reasonably possible, we avoid statutory constructions that render particular provisions superfluous or unnecessary." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 459 [279 Cal.Rptr. 834, 807 P.2d 1063].) If we were to interpret the statute to permit general discretion to revoke probation, it would render the entire provision superfluous except the restriction that "[t]he trial court shall revoke probation if the alleged probation violation is proved and the state proves by a preponderance of the evidence that the defendant poses a danger to the safety of others." (Pen. Code, § 1210.1, subd. (e)(3)(D).) Not only would such an interpretation render most of the provision surplusage, it would be contrary to the stated purpose of the statute. The purpose of the statute is "[t]o divert from incarceration into community-based substance abuse treatment programs non-violent defendants, probationers and parolees charged with simple drug possession or drug use offenses." (Prop. 36, § 3.) Yet, accepting the People's interpretation of the provision, the only operative language would restrict, rather than expand, the trial court's ability to divert individuals from incarceration. ██ We do not construe statutes in ways leading to absurd consequences or defeating the general purpose and policy behind them. (*Anaheim Union Water Co. v. Franchise Tax Bd.* (1972) 26 Cal.App.3d 95, 105 [102 Cal.Rptr. 692].)

██ In sum, the conditions under which the court can revoke probation, and the sanctions the court may impose, are limited as outlined in the provisions of Penal Code section 1210. As relevant here, subdivision (e)(3)(D) of Penal Code section 1210.1 limits the court after the first violation to modification of probation by imposing, as an additional condition, participation in a drug treatment program.

## CONCLUSION

Here, the trial court erred by lifting the stay on the two-year prison sentence previously imposed. Because this was defendant's first violation of a drug-related condition of probation and there was no showing defendant was a danger to others, the trial court's only option was to require defendant to participate in a drug treatment program as an additional condition of probation. We will remand the case to the trial court to consider whether to impose such a condition.

Finally, we reject the People's argument urging us to consider the separate misdemeanor conviction for resisting arrest that defendant suffered after the court revoked his probation and ordered defendant to serve the previously stayed prison term. Defendant pled guilty to the misdemeanor after he failed to convince the court to apply the provisions of Proposition 36 and was ordered remanded to state prison. The People argue that Penal Code section 1210.1, subdivision (b)(2) applies to remove defendant from Proposition 36 because he was convicted "in the same proceeding" of a misdemeanor "not related to the use of drugs."[2] Defendant's conviction for resisting arrest, however, was not part of this proceeding.

## DISPOSITION

The order revoking defendant's probation and ordering the execution of the two-year prison term is reversed and the case is remanded to the trial court to determine whether to require defendant to participate in a drug treatment program as an additional condition of probation.

Blease, Acting P. J., and Nicholson, J., concurred.

On January 22, 2003, and February 4, 2003, the opinion was modified to read as printed above. Respondent's petition for review by the Supreme Court was denied April 9, 2003. Baxter, J., was of the opinion that the petition should be granted.

---

[2]Penal Code section 1210.1, subdivision (b)(2) provides in pertinent part: "*Subdivision (a)* does not apply to . . . [¶] . . . [¶] [a]ny defendant who, in addition to one or more nonviolent drug possession offenses, has been convicted *in the same proceeding* of a misdemeanor not related to the use of drugs or any other felony." (Italics added.)