Filed 5/24/13  P. v. White CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ROY HUGHES WHITE, <br><br> Defendant and Appellant. | F064482 <br><br> (Super. Ct. No. VCF215072A) <br><br> **OPINION** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Tulare County.  Glade F. Roper, Judge.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Michael P. Farrell and Louis M. Vasquez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Cornell, Acting P.J., Kane, J. and Peña, J.

**INTRODUCTION**

Appellant Roy Hughes White contends he is entitled to an award of additional custody credits in the amount of 687 days for time spent in two residential treatment facilities. The trial court did not award any custody credits for time spent in residential treatment facilities. The People contend that only the first 14 days in a treatment facility were sufficiently restrictive to constitute custody and that White should be awarded an additional 14 days of custody credits.

We agree with the People that the balance of the residential treatment program, where White was permitted freedom to leave, was not so restrictive as to warrant an award of custody credits. Therefore, we will modify the judgment to award an additional 14 days of custody credits and in all other respects will affirm the judgment.

**FACTUAL AND PROCEDURAL SUMMARY**

White was charged with second degree burglary. It also was alleged that he had been convicted of seven prior felonies. On February 19, 2009, White entered a plea of no contest to the burglary charge and admitted the truth of the prior conviction allegations. He was placed on probation in the mental health court program.

As part of his probation, White was required to reside in a residential treatment facility and was placed at the Transitional Living Center (TLC); he later was moved to Domies.

On January 3, 2011, White's probation officer, Shaun Laird, attempted to collect a urine sample for chemical testing. White was unable to provide a sample, despite being given ample time to do so. White asked Laird to meet him at TLC, where White was scheduled to attend an Alcoholics Anonymous (AA) group meeting; White would try to provide a urine sample at that time. White failed to attend the AA meeting as scheduled and did not report to Laird for drug testing. Additionally, White failed to attend four other treatment appointments.

2.

On January 6, 2012, White admitted to Laird that he used methamphetamine on December 24 and 31, 2011, and that he consumed alcohol on December 17, 2011. He stated he did not complete drug testing on January 3, 2012, because he thought he would test positive for methamphetamine. On January 17 an affidavit of probation violation was filed, alleging White had failed to (1) abstain from the use of controlled substances, (2) submit to drug testing, and (3) attend scheduled treatments. On February 3, 2012, White admitted the first two probation allegations and pled no contest to the third.

The trial court revoked probation and imposed a term of three years for the second degree burglary charge. White was awarded presentence custody credits. Various fines and fees were imposed.

## DISCUSSION

White contends he is entitled to custody credits for all his time spent at TLC and Domies. The People contend White is entitled to an additional 14 days of custody credits, but no more, as most of the time spent in a residential treatment facility was not sufficiently restrictive as to constitute custody. We agree with the People.

Penal Code section 2900.5[1] provides for an award of credit for time spent "in custody." (*People v. Johnson* (2002) 28 Cal.4th 1050, 1053.) A "defendant who is sentenced either to county jail or to state prison is entitled to credit against the term of imprisonment for days spent in custody, either before sentencing or after sentencing as a condition of probation, and this includes custodial time in a residential treatment facility. [Citation.]" (*People v. Thurman* (2005) 125 Cal.App.4th 1453, 1460.)

In White's case, the trial court accepted evidence at the sentencing hearing regarding the two residential treatment facilities and the restrictions placed upon White while in those facilities. White testified that as a condition of being placed on probation, he was required to live at TLC or Domies. For the first two weeks, he was restricted to

---

[1]All further statutory references are to the Penal Code.

3.

the TLC facility and could not leave. Afterwards, there were fewer restrictions; he could leave but had to be back at the facility by 9:00 p.m. Leaving the facility required only signing out and signing back in upon return. The probation department conducted drug testing of White while he was staying in residential treatment; it also wanted to approve any weekend passes. Some counseling and treatment sessions were conducted at TLC, but some classes were held at other locations. Domies did not offer any on-site classes. At both locations, White had an apartment or a room and meals were provided.

The question before us is whether all of the time spent in TLC and Domies subjected White to sufficient restraints on his liberty so as to constitute "custody" within the meaning of section 2900.5. (*People v. Ambrose* (1992) 7 Cal.App.4th 1917, 1921 (*Ambrose*).) The question of whether the restraints at a particular facility are so restrictive as to constitute custody is a factual issue. (*Id.* at p. 1922.) The trial court found that none of the time spent by White in a residential treatment facility was custodial. We review a trial court's factual finding on whether a treatment facility is custodial within the meaning of section 2900.5 for substantial evidence. (*People v. Darnell* (1990) 224 Cal.App.3d 806, 809.)

In assessing whether a program is sufficiently restrictive so as to constitute custody, factors to be considered generally include the "extent freedom of movement is restricted, regulations governing visitation, rules regarding personal appearance, and the rigidity of the program's daily schedule. [Citation.]" (*Ambrose, supra,* 7 Cal.App.4th at p. 1921.) Here, there is no evidence either TLC or Domies regulated White's personal appearance. Freedom of movement was restricted for two weeks at TLC, in that White was precluded from leaving the facility. After the first two weeks at TLC, White was permitted to leave TLC and was permitted freedom to leave while at Domies. Although White would have to check in and out when he left TLC or Domies, there is no evidence he had to be escorted when he left either TLC or Domies. In fact, White was not

prevented from leaving either facility without permission, indicating he was not in a custodial setting.

Moreover, although White testified the counselors would supervise the residents, clearly his daily schedule was not rigid or subject to much supervision. If his schedule or activities had been closely monitored, he would not have been able to miss numerous treatment sessions. The fact that White obtained and used alcohol and controlled substances, in violation of his probation, while living in these treatment facilities is further evidence of the lack of supervision and restriction on his movements.[2]

The level of supervision and restriction placed on White while at TLC and Domies is vastly different than that experienced by the defendant in *People v. Rodgers* (1978) 79 Cal.App.3d 26. In *Rodgers,* the defendant was not permitted to leave the facility without an escort, and communication with family members and friends was prohibited. (*Id.* at pp. 31-32.) Under those circumstances, the living arrangements were deemed custodial. (*Id.* at pp. 32-33.)

The case of *In re Debra S.* (1982) 135 Cal.App.3d 378 had restrictions at the other end of the spectrum. In this case, the minor was placed on home detention, required to attend school and participate in therapy sessions, had to maintain a 6:00 p.m. curfew, and had to notify her mother of her whereabouts at all times. This was held to be a noncustodial setting. (*Id.* at pp. 385-386; see also *People v. Reinertson* (1986) 178 Cal.App.3d 320, 327.)

---

[2]Both parties mention the trial court's minute order of April 15, 2010, granting "permission for children to go visit" White. This minute order was issued 10 days after White was released from jail and therefore any visitation restrictions were lifted within White's first 10 days in residential treatment. It also is unclear if this minute order was issued because of any restrictions on visitors at the residential facility or because of other matters surrounding the child custody dispute involving these children.

As the appellate court in *Ambrose* noted, "it is difficult to conceive of a live-in … treatment program that does not include some modification of behavior and supervision"; however, this would not necessarily constitute custody. (*Ambrose, supra,* 7 Cal.App.4th at p. 1922.)

In White's case, the restrictions on his movements and the level of supervision were substantially less than that of the defendant's in *Rodgers* and only slightly more than that of the minor's in *Debra S.* Although White was in a residential living facility, he was leaving that facility to attend classes to obtain his GED and to attend college classes at College of the Sequoias, was attending treatment classes at various locations, and left the facility for regular medical appointments.

We conclude the trial court's factual determination that White's time in TLC and Domies was not custodial is supported by substantial evidence, with the exception of the first 14 days in TLC where White was precluded from leaving the residential facility. Consequently, White is entitled to an award of an additional 14 days of credit pursuant to section 2900.5.

## DISPOSITION

White is hereby awarded an additional 14 days of credit pursuant to section 2900.5. In all other respects, the judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment and forward it to the appropriate authorities.

6.