Filed 12/20/13  P. v. Perry CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>KEVIN M. PERRY,<br><br>        Defendant and Appellant. | C072728<br><br>(Super. Ct. No. 62115729) |

A jury convicted defendant Kevin Perry of evading a peace officer while driving in a direction opposite traffic (count one), evading a peace officer with willful and wanton disregard for the safety of others (count two), misdemeanor hit and run (count three), and resisting a peace officer (counts four through six).  The trial court determined that defendant was ineligible for probation and sentenced him to two years in prison on count two, two years concurrent on count one, and six months concurrent on each of counts three through six.

1

Defendant now contends the trial court abused its discretion in finding him ineligible for probation, and his trial counsel was ineffective in failing to object. Defendant also contends the sentence for evading arrest while driving in a direction opposite of traffic (count one) should have been stayed pursuant to Penal Code section 654.

We conclude that although the trial court did not have sufficient information to find that defendant was ineligible for probation, defendant's contention is forfeited because he did not object at sentencing. Moreover, trial counsel was not ineffective in failing to object because defendant was adamant that he did not want probation. But the concurrent sentence for evading arrest while driving in a direction opposite of traffic (count one) should have been stayed pursuant to Penal Code section 654. We will modify the judgment and affirm the judgment as modified.

BACKGROUND

Officer Ryan Steele, with the Department of Parks and Recreation, attempted to stop defendant for a Vehicle Code violation as defendant drove out of Folsom Lake State Recreation Area. Defendant did not stop, but instead proceeded on Auburn-Folsom Road at approximately 45 to 50 miles per hour and crossed into the opposing lane of traffic. When Officer Steele turned on his siren, defendant accelerated to between 85 to 90 miles per hour. The pursuit continued into a residential neighborhood, where Officer Steele lost sight of defendant's car and ended the pursuit. Defendant's driving caused another driver, Ronald Evans, to swerve in an effort to avoid being hit. Rocks and debris hit Evans's car, chipping the paint.

Steele continued to look for defendant's car and found it disabled further down the road. There was damage to the front end and one of the front tires was blown out. Defendant was not in the car, but officers found him in the weeds. Although defendant fled when an officer approached him, defendant was ultimately arrested.

A jury convicted defendant of evading a peace officer while driving in a direction opposite traffic (Veh. Code, § 2800.4 -- count one), evading a peace officer with willful and wanton disregard for the safety of others (Veh. Code, § 2800.2 -- count two), misdemeanor hit and run (Veh. Code, § 20002, subd. (a) -- count three), and three counts of misdemeanor resisting a peace officer (Pen. Code, § 148, subd. (a)(1) -- counts four through six).[1]

The trial court referred the matter to probation for a sentencing report. The probation report indicated defendant had sustained a 2004 felony conviction for embezzlement in Michigan, a 2005 felony conviction for grand theft in Idaho, and a 2005 misdemeanor conviction for theft of property in Texas. For the Idaho conviction, defendant had been sentenced to a determinate term of one year, an indeterminate term of six years six days, and still owed over $9,000 in restitution. Defendant also had prior parole violations. The probation officer said absent unusual circumstances, defendant was ineligible for probation pursuant to section 1203, subdivision (e)(4).[2]

The probation report also said defendant was adamant that he "absolutely does not want to be granted probation." Under the circumstances, the report said it was questionable that defendant had the ability to comply with probationary terms and conditions. The report concluded that because defendant was statutorily ineligible for probation (absent unusual circumstances) and did not want to be granted probation, it was

---

[1] Undesignated statutory references are to the Penal Code.

[2] Section 1203, subdivision (e) provides in pertinent part: "(e) Except in unusual cases where the interests of justice would best be served if the person is granted probation, probation shall not be granted to any of the following persons: [¶] . . . [¶] (4) Any person who has been previously convicted twice in this state of a felony or in any other place of a public offense which, if committed in this state, would have been punishable as a felony."

3

recommended that defendant be committed to the California Department of Corrections and Rehabilitation.

At the sentencing hearing, defense counsel said he would submit on the recommendation of the probation department, explaining that "if it wasn't for [defendant's] ineligibility for probation, I think the facts of this case would probably warrant a grant of probation. But considering that he's not eligible, I would submit it on probation's recommendation for the middle term."

The trial court found defendant presumptively ineligible for probation based on his two prior felony convictions and found no unusual circumstances. The trial court also found there were aggravating factors and no mitigating factors, but deemed the middle term sentence the most appropriate. The trial court sentenced defendant to two years in prison on count two, two years concurrent on count one, and six months concurrent on each of counts three through six. The trial court also awarded defendant 228 days of presentence credit and imposed various fines and fees.

DISCUSSION

I

Defendant contends the trial court abused its discretion in finding him ineligible for probation, because the trial court had insufficient information to conclude that defendant's out-of-state convictions would have been punishable as felonies in California. Defendant claims his prior Idaho conviction for grand theft would not necessarily have been punishable as a felony in this state.

The Attorney General agrees that the prior Idaho offense may or may not have been punishable as a felony in California. Nonetheless, the Attorney General argues defendant forfeited his contention by failing to object at sentencing, and in any event, remand is unnecessary because even if defendant had been eligible for probation, the trial court still would have denied probation and sentenced defendant to prison.

4

We agree with the parties that the probation report did not provide sufficient information to support a finding that defendant's prior Idaho grand theft conviction would have been punishable as a felony in California. (Idaho Code, § 18-2407; Cal. Pen. Code, § 487.) But that is not the end of our analysis.

Defense counsel did not object, instead acquiescing in defendant's probation ineligibility and submitting on the probation report's recommendations. The Attorney General asserts forfeiture, noting that the forfeiture doctrine applies "to claims involving the trial court's failure to properly make or articulate its discretionary sentencing choice." (*People v. Scott* (1994) 9 Cal.4th 331, 353.) On this record, in which defense counsel not only failed to object, but appeared to agree that defendant was not eligible for probation, defendant's contention is forfeited.

Perhaps anticipating this result, defendant claims his trial counsel was ineffective in failing to object to the trial court's finding of probation ineligibility. He says "trial counsel joined in the court's error of assuming that the Idaho grand theft conviction would have been a felony had it been prosecuted in California. . . . [¶] . . . [¶] It is clear that trial counsel thought that probation was appropriate for these offenses. A reasonably competent attorney would have ensured that . . . the information in the probation report was accurate and that the courts [*sic*] finding of probation ineligibility was based upon accurate information. Had trial counsel reviewed the Idaho grand theft statute, he would have noticed that there are several provisions of the Idaho statute that would not have been a felony had they been prosecuted in this state. For these reasons trail [*sic*] counsel's failure to object fell below an objective standard of reasonableness and was ineffective." (Italics omitted.)

To prevail on a claim of ineffective assistance of counsel, a defendant must establish both that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability a determination more favorable to defendant would have resulted but for counsel's unprofessional errors. (*People v. Kipp*

(1998) 18 Cal.4th 349, 366.)  If a defendant fails to establish either component, the ineffective assistance claim fails and we need not address the other component. (*Strickland v. Washington* (1984) 466 U.S. 668, 697 [80 L.Ed.2d 674, 699-700]; *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1126.)  In reviewing a claim of ineffective assistance on appeal, we accord great deference to trial counsel's tactical decisions (*In re Fields* (1990) 51 Cal.3d 1063, 1069-1070), and reverse " 'only if the record on appeal affirmatively discloses that counsel had no rational tactical purpose for his act or omission.' [Citations.]" (*People v. Frye* (1998) 18 Cal.4th 894, 980, disapproved on other grounds in *People v. Doolin* (2009) 45 Cal.4th 390, 421, fn. 22.)  "An attorney may choose not to object for many reasons, and the failure to object rarely establishes ineffectiveness of counsel." (*People v. Kelly* (1992) 1 Cal.4th 495, 540.)

Here, the record does not affirmatively disclose counsel had "no rational tactical purpose" for not objecting.  Trial counsel could have reasonably decided not to object because defendant had been adamant that he did not want probation.  A defendant has a right to refuse probation and choose to serve the sentence.  (*In re Osslo* (1958) 51 Cal.2d 371, 377; *People v. Thurman* (2005) 125 Cal.App.4th 1453, 1461.)  This is not a situation where defense counsel was asked for an explanation but failed to provide one, or where there simply could be no satisfactory explanation.  (*People v. Earp* (1999) 20 Cal.4th 826, 871.)  Defendant's claim of ineffective assistance fails.

II

Defendant further contends the concurrent sentence for evading arrest while driving in a direction opposite of traffic (count one) should be stayed pursuant to Penal Code section 654.  (AOB 13)  The Attorney General agrees, and we do too.

Section 654 bars multiple punishment for a single act that violates more than one criminal statute, and for multiple acts where those acts comprise an indivisible course of conduct incident to a single criminal objective and intent.  (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208; *Neal v. State of California* (1960) 55 Cal.2d 11, 19, disapproved on

6

a different point in *People v. Correa* (2012) 54 Cal.4th 331, 340-341.)  Multiple criminal objectives may "be a predicate for multiple punishment only in circumstances that involve, or arguably involve, multiple acts.  The rule does not apply where . . . the multiple convictions at issue were indisputably based upon a single act." (*People v. Mesa* (2012) 54 Cal.4th 191, 199.)

Here, defendant's convictions for evading a peace officer while driving in a direction opposite traffic (count one) and evading a peace officer with willful and wanton disregard for the safety of others (count two) were based upon the single act of evading a peace officer.  Defendant cannot be punished multiple times for a single act.  The concurrent sentence on count one must be stayed.

DISPOSITION

The judgment is modified to stay the concurrent sentence on count one.  The judgment is affirmed as modified.  The trial court is directed to prepare a second amended abstract of judgment, and to forward a copy of the second amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                                               MAURO            , J.


We concur:


          BLEASE          , Acting P. J.


          DUARTE          , J.


7