Filed 5/27/16  P. v. Moultrie CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAY EARL MOULTRIE,<br><br>    Defendant and Appellant. | A144667<br><br>(Contra Costa County<br>Super. Ct. No. 1-157718-8) |

Defendant pleaded no contest to two felony counts of receiving stolen property in violation of Penal Code section 496, subdivision (a).[1]  After California voters passed Proposition 47, which among other things converted the crime of receiving stolen property to a misdemeanor where the value of the stolen property did not exceed $950 (§§ 496, subd. (a), 490.2, subd. (a)), defendant petitioned for resentencing (§ 1170.18). The trial court denied his petition, finding that defendant had not established his eligibility for the reduction of his offenses to misdemeanors.  Defendant appeals, and we affirm.

## FACTUAL BACKGROUND

By felony complaint filed April 2, 2012, defendant was charged with two counts of receiving stolen property in violation of section 496, subdivision (a), property identified in the complaint as copper wire owned by John Muir Medical Center.

---

[1] All subsequent statutory references are to the Penal Code except where otherwise noted.

1

On October 24, 2012, pursuant to a negotiated plea agreement, defendant pleaded no contest to the two felony charges in exchange for two years probation with 174 days in county jail and credit for 158 days.  His probation was subsequently revoked after he failed to report to probation on multiple occasions and it was discovered that he had been arrested at least twice and failed to report those arrests to the probation department.

On March 11, 2015, after defendant had completed his sentence, he filed a petition to have his felony convictions designated misdemeanors pursuant to section 1170.18, subdivision (f).  The petition provided in its substantive entirety as follows:

"(1)   Ray Earl Moultrie was convicted of a felony violation of 496(a) (two counts) on October 24, 2012 in Docket 1-157718-8.  Mr. Moultrie was sentenced to 174 days.

"(2)   Mr. Moultrie has completed his/her sentence in Docket(s) 1-157718-8.

"(3)   Had 'The Safe Neighborhoods and Schools Act' been in effect at the time Mr. Moultrie committed the above offenses, he/she would have been convicted of a misdemeanor, rather than a felony.

"Because requirements of Penal Code 1170.18(f) are met, Mr. Moultrie's application for designation as misdemeanor(s) must be granted."

Defendant's petition came on for hearing on March 20, 2015.  The hearing was brief, with the argument consisting only of the following exchange:

"MR. MAHALICH [the prosecutor]:  I believe this one we were trying to determine the value.  I don't know if Ms. McDonnell was able to get any further information.

"MS. MCDONNELL [counsel for defendant]:  We were.  And I reviewed—last week I didn't have the information from the court file.  I reviewed all that I could from the court file, as I know that the Court did last week.  All it reflects is a value of $0 for stolen and recovered property.  It doesn't appear anyone inputted an amount.

"And there are photographs of boxes of copper wire.  There is no amount.  It appears that a restitution letter was sent a very long time ago.  I believe it was May of 2012, per the bail study, that the restitution letter was mailed to the manager of the lot.

2

I didn't see that anything had come back, and I know the Court, as well, looked last week and that was everyone's understanding.

"So given that, it's still our position the Court should either grant the petition or set this for a hearing. The—it's our position that given that the facts are uniquely in the possession of the district attorney, it is their witness, it was their filing, that at least there's a prima facie requirement that they show what—that the amount is over $950 given that they're objecting. And, as I said earlier, this wasn't charged as a grand theft. There was never any sort of restitution hearing or finding. And we believe the burden should be on the prosecution to show that the loss exceeds that amount. And short of that, the Court should grant the petition.

"MR. MAHALICH: I think we've already plowed this field with the burden, and I think the Court has already ruled. So I don't need to respond to that portion of the argument. I'm willing to submit to the Court and what the Court wants to do on this matter based on the information that's been provided by Ms. McDonnell.

"I don't know if we know anything more than we did last time but—

"THE COURT: We don't, and there was a lot of damage done in taking out this copper wire. [¶] . . . [¶]

" . . . I can only say I did a lengthy restitution hearing on the theft of copper wire in a case with one of your colleagues, and it's the damage that's done in getting the copper wire out that's the biggest problem. And that can be tens of thousands of dollars, given, you know, what's damaged.

"And from this—from the photographs, you know, there was a fair amount of wire taken. There was, like, big bankers'—plastic bankers' boxes full of copper wire photographed here, and the police reports indicate that there was a locked electrical box that had been there before the thefts and no longer was there.

"So I guess I'm on the fence about this, but I'm just—I don't think that this is the kind of situation—the kind of theft that the voters had in mind when they passed Proposition 47. You know, Proposition 47 was marketed, so to speak, that it was for

3

shoplifters and people who—straight possession of drugs. This is not a shoplifting case, by any stretch of the imagination.

"So just based on, you know, an interpretation of Prop 47, what it was intended for, I would deny it. But if you want to withdraw it, that's fine too.

"MS. MCDONNELL: I would ask that the Court take notice of the police reports in its file for the purpose of this hearing, which I know you've reviewed. Just officially I would ask for that ruling, and we'll submit on the petition.

"THE COURT: Okay. I'm going to deny it. I mean, just looking at the photographs that were attached to the police reports, like I said, there is in the photograph three large-sized bankers' boxes overflowing with copper wire. So I'll deny the petition."

Defendant timely appealed.

## DISCUSSION

On November 4, 2014, voters approved Proposition 47, the Safe Neighborhood and Schools Act, which became effective November 5, 2014. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, sections 1170.18 and 490.2.[2] Section 1170.18 creates a process permitting persons previously convicted of crimes as felonies, which might be misdemeanors under the new definitions in Proposition 47, to petition for resentencing. Under sections 1170.18, subdivision (a), and 490.2, receiving stolen property (§ 496, subd. (a))[3] is an offense that qualifies for resentencing if the value of the property is less

---

[2] Section 490.2, subdivision (a), provides: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft . . . ."

[3] After Proposition 47, section 496, subdivision (a), was amended to read: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding

4

than $950. Section 1170.18, subdivision (f) provides: "A person who has completed his or her sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." And subdivision (g) provides that "If the application satisfies the criteria in subdivision (f), the court shall designate the felony offense or offenses as a misdemeanor."

As noted, defendant unsuccessfully petitioned for resentencing in accordance with Proposition 47. He now contends that ruling was erroneous because the evidence failed to show that the property he possessed was worth more than $950. We review a trial court's "legal conclusions de novo and its findings of fact for substantial evidence . . . ." (*People v. Trinh* (2014) 59 Cal.4th 216, 236.) Applying this standard of review, we conclude defendant's argument is flawed.

As a procedural matter, defendant's argument incorrectly allocates the burden of proof on the value of the stolen property to the prosecution. Section 1170.18 is silent on this question, but as the People correctly argue here and argued below, defendant bore the burden of establishing that the value of the stolen property did not exceed $950, as held by *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*) and *People v. Rivas-Colon* (2015) 241 Cal.App.4th 444 (*Rivas-Colon*).[4]

In *Sherow, supra,* 239 Cal.App.4th 875, defendant had been convicted of nine counts of second degree burglary and, on appeal, he challenged the trial court's refusal to resentence him on two of these counts. (*Id.* at p. 877.) He contended that the record did

any property from the owner, knowing the property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170. However, if the value of the property does not exceed nine hundred fifty dollars ($950), the offense shall be a misdemeanor . . . ."

[4] *Sherow* and *Rivas-Colon* were filed on August 11, 2015 and October 16, 2015, respectively. Defendant's opening brief, which was filed on August 24, 2015, did not acknowledge *Sherow*. In his reply brief, however, he attempts to distinguish both cases.

not demonstrate that the loss on these counts exceeded $950 "and thus the two counts should be resentenced as misdemeanors[,]" and that the prosecution had the burden of proving he was not eligible for resentencing. (*Id.* at pp. 877–878.)

The Fourth District observed that Proposition 47 does not explicitly allocate a burden of proof. (*Sherow, supra,* 239 Cal.App.4th at p. 878.) The court pointed out, "As an ordinary proposition: ' "[A] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting." ' [Citations.]" (*Id.* at p. 879.) The court held that the petitioner "must establish his or her eligibility" for such relief and has the "initial burden of proof" to "establish the facts upon which his or her eligibility is based." (*Id.* at pp. 878–880.) In making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id.* at p. 880.)

In *Rivas-Colon, supra,* 241 Cal.App.4th 444, our Division Five colleagues cited *Sherow, supra,* 239 Cal.App.4th 875, when rejecting the defendant's argument that the prosecution had the burden of establishing the value of the property exceeded $950. (*Rivas-Colon,* at p. 449.) The defendant in *Rivas-Colon* had stipulated to a factual basis for the plea contained in the police report, which listed the value of the property he removed from a store as $1,437.74. (*Id.* at p. 447.) The appellate court explained that the defendant had not provided any evidence or argument demonstrating that he was eligible for resentencing and therefore the trial court properly denied his resentencing petition. (*Id.* at p. 449–450.)

We agree with the reasoning in both *Sherow* and *Rivas-Colon.* These courts' analyses are consistent with the well-established rule set forth in Evidence Code section 500, which reads: "Except as otherwise provided by law, a party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense that he is asserting." (See also *People v. Atwood* (2003) 110 Cal.App.4th 805, 812 [under Evidence Code section 500, "[t]he burdens of producing evidence and of persuasion flow from a party's status as a claimant seeking relief"]; *People v. Barasa* (2002) 103 Cal.App.4th 287, 295–296 [under Evidence Code section 500, defendant has

the burden of proving that his drug possession or transportation was for personal use and that he was therefore eligible for sentence reduction under Proposition 36].)

Here, defendant is the party who petitioned for relief, and therefore he had the initial burden of demonstrating eligibility under section 1170.18, subdivision (a). (See also *People v. Perkins* (2016) 244 Cal.App.4th 129, 136–137 [following *Sherow* and *Rivas-Colon*].)

Defendant alternatively contends that even if he bore the burden of proving the value of the stolen property, he satisfied that burden. Substantial evidence supports the trial court's finding that he did not.

Defendant claims that "the value of the 'stolen and recovered property'—copper wires—was determined to be '$0.' " That is a less than candid representation of the record. As defendant's counsel noted at the hearing on his petition, the court file "reflects . . . a value of $0 for stolen and recovered property. It doesn't appear anyone inputted an amount." Not inputting a value for the stolen property is a far cry from having determined that the property had no value. And the interpretation defendant advocates is contradicted, first, by common sense (why would someone go to the trouble of stealing copper wire if it lacked value?) and, second, by the pictures of three bankers' boxes overflowing with copper wiring (depicting, as the court noted, "a fair amount of wire").

Defendant also contends that the absence of a claim for restitution is "indicative of the property's minimal value." There are countless reasons why a crime victim may not submit a claim for restitution, and we will not speculate that the reason here was because the property lacked value.

Finally, defendant urges that if we conclude he bore the burden of establishing his eligibility for resentencing under section 1170.18 and further conclude he did not satisfy that burden, we should affirm the trial court's denial of his petition "without prejudice to subsequent consideration of a properly filed petition," as was done in *Sherow, supra,* 239 Cal.App.4th at p. 881. Such a remedy has been employed where there was uncertainty at the time the petition was filed as to which party bore the burden of proof. (*Ibid*.) While

7

defendant's petition predated *Sherow*, the trial court here nonetheless applied the proper burden of proof.  The *Sherow* disposition is thus inapplicable.

## DISPOSITION

The order denying defendant's petition for resentencing is affirmed.


_____
Richman, J.


We concur:


_____
Kline, P.J.


_____
Stewart, J.